## THOMAS B. JONES *v.* ARMIDA B. SMITH DIEKER, ALSO KNOWN AS ARMIDA B. SMITH, EMMA KWOCK CHUN AND BANK OF HAWAII.

### No. 2821.

ARGUED DECEMBER 28, 1951.                    DECIDED JANUARY 9, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE WIIG, IN PLACE OF TOWSE, C.J., DISQUALIFIED.

OPINION OF THE COURT BY STAINBACK, J.

Appellee in this case filed a motion to vacate and dismiss the appeal on January 5, 1951, for want of prosecution. On January 11, 1951, appellant filed a motion to enlarge the record by permitting the petitioner-appellant to file as part of his record a duly certified copy of his appeal and notice of appeal filed with the clerk of the circuit court on the 14th day of April, 1950. Thereafter, on the 22d day of October, 1951, appellee filed an additional motion to dismiss for want of jurisdiction and for want of

prosecution, the grounds for lack of jurisdiction being that the records in the supreme court failed to disclose any appeal and notice of appeal made by the appellant, and that the time for filing the record in the case had lapsed. Appellee's contention was that this court was without jurisdiction to make an order as it must affirmatively appear from the record that the appeal was duly perfected, and such was not the case.

Our statute on appeals from circuit judges in chambers provides that "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, * * * whenever the party appealing shall file notice of his appeal, and pay the costs accrued within ten days after the filing of the decision, judgment, order or decree appealed from; * * *" (R. L. H. 1945, § 9503, am.)

"Under our statute, it is the filing in court of the notice of appeal [and the payment of costs] which is the effective appellate act giving this court the power to review the particular decree complained of." (*Laupahoehoe Sugar Co.* v. *Lalakea*, 27 Haw. 682, at p. 687.)

This court therefore has jurisdiction of this case. However, it may in its discretion dismiss the appeal for want of prosecution in a case where appellant has failed to file the necessary papers within the time fixed by statute after perfecting his appeal, or within such further time as may have been allowed by this court or by a justice thereof, under rule 1 of this court; however, the policy of this court has always been to permit litigants, where possible, to appeal and hear the case on its merits. Where the interests of justice require, such motion to enlarge the record should be granted.

Motions to dismiss are denied and the motion to enlarge the record is granted.

210

*F. Schnack* and *H. C. Schnack* for motions to dismiss.
*Lewis, Kimball & Buck*, contra.
*Lewis, Kimball & Buck* for motion to enlarge record.
*F. Schnack* and *H. C. Schnack*, contra.