**Electronically Filed
Supreme Court
SCWC-14-0001137
17-SEP-2018
09:01 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF RESIDENTIAL
ASSET SECURITIZATION TRUST 2006-A8, MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-H UNDER THE POOLING AND SERVICING
AGREEMENT DATED JUNE 1, 2006,
Respondent/Plaintiff-Appellee,

vs.

MICHAEL C. GREENSPON,
Petitioner/Defendant-Appellant.

SCWC-14-0001137

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0001137; DC-CIVIL NO. 10-1-2608)

SEPTEMBER 17, 2018

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

This case considers whether a motion for sanctions may be dismissed without prejudice when the underlying facts and issues allegedly establishing the sanctionable conduct are also at issue in another pending case involving the same parties.  We also consider whether a final order must be signed by a district

court clerk or judge for an appeal to lie from that order.  We conclude that the trial court acted within its proper discretion when it dismissed the motion for sanctions without prejudice. We further hold that the signature of a court clerk or judge is generally necessary for appellate review of a final order.  In the circumstances of this case, however, we determine that other signed filings related to the order being appealed were sufficient to provide appellate jurisdiction.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2003, Michael C. Greenspon obtained a loan from IndyMac Bank, F.S.B. (IndyMac) that was secured by a mortgage (the Mortgage) encumbering the property acquired by Greenspon (the Property).  The Mortgage states that the promissory note for the loan (the Note) was made payable to IndyMac, and it identifies IndyMac as the mortgagee/lender.  On July 11, 2008, IndyMac was closed by the Federal Deposit Insurance Corporation (FDIC).  Upon IndyMac's closure, IndyMac Federal Bank, F.S.B. (IndyMac Federal) was assigned IndyMac's interest in the Mortgage.

In late 2008, Greenspon defaulted on the Note. IndyMac Federal subsequently instituted a non-judicial foreclosure sale.  A notice of foreclosure was recorded in the Bureau of Conveyances, and a public auction of the Property was scheduled.

The foreclosure auction was conducted in early 2010. An affidavit regarding the foreclosure sale (Affidavit of Sale) identified "FDIC as Receiver for IndyMac Federal Bank, FSB" as mortgagee and Greenspon as mortgagor. The highest bidder at the auction was listed as "Deutsche Bank National Trust Company" (Deutsche Bank). A deed was filed in the Bureau of Conveyances, identifying the grantor as FDIC as Receiver for "IndyMac Bank, FSB" and the grantee as Deutsche Bank (the Deed). Deutsche Bank then mailed a written notice to vacate to the occupants of the Property. Greenspon remained on the premises.

## A. Ejectment Complaint, Motion for Summary Judgment, and Motion to Dismiss

Deutsche Bank filed a Verified Complaint for Ejectment (ejectment action) against Greenspon in the District Court of the Second Circuit, Lahaina Division (district court) seeking a judgment and writ of possession for the Property. Deutsche Bank subsequently filed a Motion for Summary Judgment and Writ of Possession (Motion for Summary Judgment) asserting that, through its purchase at the non-judicial foreclosure sale, it became the fee simple owner of the Property and was entitled to possession.

In response to the Motion for Summary Judgment, Greenspon filed a motion to dismiss based on lack of subject matter jurisdiction by the district court and an opposition to the Motion for Summary Judgment (Motion to Dismiss). Greenspon

challenged the validity of Deutsche Bank's interest in the Property, arguing, inter alia, that IndyMac's assignment of the Mortgage to IndyMac Federal was fraudulently conducted seven months after the FDIC's closure of IndyMac. Further, Greenspon asserted, the Deed conflicted with the Affidavit of Sale because the Deed listed "FDIC as Receiver for IndyMac Bank, FSB" as the grantor whereas the Affidavit of Sale listed "FDIC as Receiver for IndyMac Federal, F.S.B." as the mortgagee. Thus, Greenspon contended, neither IndyMac nor IndyMac Federal had contractual authority to conduct the power of sale or the non-judicial foreclosure conveying the Property to Deutsche Bank. Because title to the Property was in dispute, Greenspon concluded, summary judgment was inappropriate and the district court lacked jurisdiction under Hawaii Revised Statutes (HRS) § 604-5(d) (1993)[1] to hear the case.

Greenspon also filed a complaint in the Circuit Court of the First Circuit (circuit court action) naming Deutsche Bank; IndyMac Federal; OneWest Bank, F.S.B.; and Cal-Western Reconveyance Corporation as defendants and asserting various claims of fraud pertaining to the title of the Property.[2]

---

[1] HRS § 604-5(d) provides in relevant part as follows: "The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question . . . ."

[2] The complaint in the circuit court action set forth five counts. Count One of the complaint alleged that Greenspon was entitled to a

(continued . . .)

At the hearing on the Motion for Summary Judgment,[3] Greenspon requested that the district court take judicial notice of his circuit court action. The district court accepted a copy of the circuit court action complaint, but, finding Deutsche Bank had met its burden for summary judgment, orally granted Deutsche Bank's Motion for Summary Judgment.

Deutsche Bank subsequently filed its opposition to Greenspon's Motion to Dismiss. Deutsche Bank argued that the oral ruling granting Deutsche Bank summary judgment rendered the Motion to Dismiss moot.

The district court, however, granted Greenspon's Motion to Dismiss and dismissed the case without prejudice (Dismissal Order).[4] The Dismissal Order stated that the district court had taken judicial notice of the circuit court action and

---

(. . . continued)

declaratory judgment that the non-judicial foreclosure sale and subsequent transfer of title to Deutsche Bank were void and unenforceable as procured by fraud and by unfair and/or deceptive predatory lending practices. Count Two alleged that Greenspon was entitled to a declaratory judgment that the Note and Mortgage were void and unenforceable as procured by fraud. Count Three alleged that the Note and Mortgage were void and unenforceable because they constituted unfair and deceptive acts and practices against consumers as defined by HRS Chapter 480. Count Four requested that the court prohibit the defendants from further transferring title to the Property or further damaging Greenspon's finances. Count Five alleged that Greenspon was entitled to damages because the alleged mortgage fraud was done with criminal disregard for the finances and feelings of Greenspon.

[3] The Honorable Rhonda I. L. Loo presided.

[4] The Honorable Judge Blaine J. Kobayashi presided over the Motion to Dismiss and subsequent proceedings.

that the district court lacked subject matter jurisdiction over Deutsche Bank's ejectment action because title to the Property was in dispute.  The district court also vacated the oral ruling granting Deutsche Bank's Motion for Summary Judgment.

### B. Greenspon's Motion for Sanctions

In June 2014, Greenspon submitted a motion for costs and attorney's fees based upon District Court Rules of Civil Procedure (DCRCP) Rule 11 (1996)[5] (Motion for Sanctions) for the filing of a "false verified complaint."  Relying upon evidence and proceedings in the circuit court action, Greenspon argued that Deutsche Bank had no right to possession of the Property

---

[5] DCRCP Rule 11 provides in pertinent part as follows:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in that attorney's individual name, whose address shall be stated.  A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. . . . The signature of an attorney or party constitutes a certificate by the signatory that the signatory has read the pleading, motion, or other paper; that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .  If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

DCRCP Rule 11 (1996).

and that its counsel negligently and recklessly failed to make any reasonable inquiry into the validity of Deutsche Bank's title claims prior to filing the ejectment action.[6]  Thus, Greenspon argued, sanctions against both Deutsche Bank and its counsel were necessary because the ejectment action lacked a factual basis, was frivolous, and was brought for improper purposes.  Accordingly, Greenspon requested that the district court impose DCRCP Rule 11 sanctions and enter an award for all attorney's fees and costs Greenspon incurred in defending the ejectment action, with interest.

In response, Deutsche Bank argued that its claims were not frivolous and that the district court granted Greenspon's Motion to Dismiss primarily to allow the circuit court action to be fully litigated and resolved.  Any issues regarding title raised by Greenspon in the Motion for Sanctions, Deutsche Bank maintained, were determinations made in the circuit court action that was then pending appeal and were thus beyond the district

---

[6]    Specifically, Greenspon pointed to answers by Deutsche Bank in response to interrogatories in the circuit court action that indicated Deutsche Bank had not been the highest bidder at the foreclosure auction, but rather had been designated by IndyMac Federal to take record title.  And, IndyMac Federal, according to Deutsche Bank's response to the interrogatory, had made a credit bid and did not pay a cash dollar amount for the Property. Greenspon further submitted that Deutsche Bank admitted that IndyMac Federal was the foreclosing mortgagee, and that IndyMac Federal--not Deutsche Bank--held physical possession of and controlled the Note at all times.  Greenspon additionally pointed to Deutsche Bank's statement at the Motion for Summary Judgment hearing regarding the circuit court Verified Complaint that "the original deed was defective, that [the] defect was raised by [Greenspon], and it's been cured."

court's jurisdiction.  Deutsche Bank therefore contended that the district court should not grant Greenspon's Motion for Sanctions.[7]

The district court held a hearing on the Motion for Sanctions and issued an order denying the motion without prejudice (Order Denying Sanctions).[8]  In a footnote in the order, the district court explained that the denial was without prejudice because the Motion for Sanctions raised issues of title that were pending appeal in Greenspon's circuit court action:

> As represented by counsel for [Deutsche Bank] in the Opposition, Greenspon v. Deutsche Bank National Trust Company, CAAP-13-0001432, is currently on appeal.  As the Court understands, that case involves among other things, issues relating directly to the issue of title to the subject property.  The outcome of said appeal may have a direct bearing upon the instant case.  Accordingly, unless and until a decision has been made on said appeal, the [Motion for Sanctions] may be premature and is therefore being denied without prejudice.

---

[7]     Greenspon also filed a supplemental memorandum in support of the Motion for Sanctions and a reply to Deutsche Bank's Opposition to the Motion for Sanctions.  Greenspon asserted that the claims in the Motion for Sanctions required different considerations from the circuit court action, namely: the validity of Deutsche Bank's title prior to filing the ejectment action; whether Deutsche Bank obstructed Greenspon's discovery in the ejectment action; and whether Deutsche Bank's counsel had engaged in reckless business practices.

[8]     Greenspon filed a motion for reconsideration of the dismissal of the Motion for Sanctions, which the court denied.  The ICA's affirmance of the Order Denying Reconsideration is not raised in Greenspon's application for a writ of certiorari and therefore is not further addressed.

### C. Greenspon's Motion for Taxation of Costs

On September 9, 2014, Greenspon filed an ex parte request for taxation of costs (Request for Costs) citing DCRCP Rule 54(d) (1996)[9] and HRS §§ 607-9[10] and 607-13 (1993).[11] Greenspon also filed a proposed "Order Granting Prevailing Defendant's Ex Parte Request for Taxation of Costs" (Proposed Order for Costs). In the Request for Costs, Greenspon stated

---

[9]      DCRCP Rule 54(d) provides as follows:

Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[10]      HRS § 607-9 provides as follows:

No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

[11]      HRS § 607-13 provides as follows:

Whenever any cause or proceeding, other than criminal, probate, or divorce, is discontinued or dismissed in any court, the defendant therein shall be entitled to have the defendant's traveling expenses, to be charged at the rate of 10 cents a mile each way in going to and returning from the court, taxed as costs.

his costs as $1,695.61 through the termination of the ejectment action.  He provided documentation supporting his request, including, inter alia, a copy of the minutes from a hearing on Deutsche Bank's motion for reconsideration of the order granting Greenspon's Motion to Dismiss at which the court indicated that it would consider a request for costs from Greenspon when submitted.

Deutsche Bank opposed the Request for Costs, arguing that imposition of costs was inequitable because the district court had first orally granted Deutsche Bank's Motion for Summary Judgment and later reversed its ruling.  Greenspon thereafter submitted a proposed "Judgment and Notice of Entry of Judgment" for an award of the requested costs (Proposed Judgment Regarding Costs) to the court.

On September 22, 2014, the district court stamped the Proposed Order for Costs "DENIED" and "FILED" (Order Denying Request for Costs).  The next day, the district court stamped the Proposed Judgment Regarding Costs "DENIED" and "FILED" (Denial of Proposed Judgment).  Neither document was signed by a clerk or judge on the signature line provided for the "judge or clerk of the above-entitled court."

The Denial of Proposed Judgment is accompanied in the record on appeal by a Second Circuit preprinted "denial form" (Denial Form).  The Denial Form provides a blank line for a

civil case number that was filled in with "10-1-2608" and bears a typewritten notation that reads, "This document is denied for the following reason(s)." Various reasons for which a document may be denied are listed along with checkboxes to indicate the applicable reason for denial. One of the checkboxes is designated "Other" and includes lines upon which to write a reason. The space for "Other" on the Denial Form was marked, and next to it was handwritten: "No judgment granted on Defendant's Sept. 9, 2014 Request for Taxation of Costs." Underneath the signature line of the Denial Form is typewritten "Judge of the above-entitled Court," and a handwritten signature appears on the signature line.[12]

Greenspon appealed, inter alia, the district court's Order Denying Sanctions and the Order Denying Request for Costs.

## II.    ICA PROCEEDINGS

Greenspon and Deutsche Bank reasserted their arguments related to the Motion for Sanctions to the Intermediate Court of Appeals (ICA). Regarding the denial of the Request for Costs, Greenspon contended that there is a strong presumption that costs will be awarded to the prevailing party and a court may not deny costs without explanation unless it is clear from the record that the denial of costs is justified. Here, Greenspon

---

[12]    The name reflected in the signature is unclear.

argued, the district court failed to provide any reasoning for denying his Request for Costs. Deutsche Bank responded that it would be inequitable to award Greenspon any costs because Greenspon filed the Request for Costs three years after the Motion to Dismiss was granted and because the district court had wrongfully vacated its ruling granting Deutsche Bank's Motion for Summary Judgment prior to dismissing the case.

On November 30, 2017, the ICA issued a summary disposition order (SDO).[13] As to the Order Denying Sanctions, the ICA noted that Greenspon's circuit court action against Deutsche Bank asserted claims for wrongful foreclosure and quiet title; injunctive relief; unfair and deceptive acts and practices; and fraud. The evidence Greenspon relied on to question Deutsche Bank's validity of title and right to possession in the Motion for Sanctions, the ICA stated, derived from discovery and filings in the circuit court action. Thus, the ICA determined that the issues raised in the Motion for Sanctions were the subject of ongoing litigation and that the district court did not abuse its discretion by denying the Motion for Sanctions without prejudice.[14]

---

[13] The ICA's SDO can be found at Deutsche Bank National Trust Co. v. Greenspon, No. 14-1137, 2017 WL 5899869 (Haw. App. Nov. 30, 2017).

[14] The ICA stated in a footnote that it had resolved the appeal of the circuit court action and issued a Memorandum Opinion on June 14, 2016. (Citing Greenspon v. Deutsche Bank Nat'l Tr. Co., No. CAAP-13-1432, 2016 WL

(continued . . .)

12

Regarding the denial of Greenspon's Request for Costs, the ICA found that it lacked jurisdiction to review the matter. The ICA described the Order Denying Request for Costs from which Greenspon sought to appeal as a "taxation of costs document" stamped "DENIED" but without any signature by a district court clerk or judge. Because the document lacked the district court clerk or judge's signature required under HRS § 604-20 (2016),[15] the ICA stated it was not an order subject to appellate review under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)

---

(. . . continued)

3280366 (Haw. App. Jun. 14, 2016).)  There, the ICA had affirmed the circuit court's grant of summary judgment in favor of Deutsche Bank regarding Greenspon's claims for wrongful foreclosure, unfair and deceptive acts and practices, and fraud, but it had vacated the circuit court's rulings regarding Greenspon's claim for quiet title and request for injunctive relief and remanded those claims for further proceedings.

[15]     HRS § 604-20, "Powers of Clerk" provides as follows:

> The clerks of the district court shall have, within the scope of the jurisdiction of the district courts, all the powers of clerks of other courts of record, including the power to sign and enter judgments, subject to the direction of the court; administer oaths; sign and issue garnishee summons, writs of attachment, execution and possession, and other process; and take depositions.

HRS § 604-20 (2016).  Although the notice of appeal in this case was filed on September 26, 2014, the ICA cited to the 2016 publication of HRS § 604-20. Courts of other jurisdictions have long held that a court's legal authority to hear a case is an ongoing inquiry that may change while the case is pending.  See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citing Ex parte McCardle, 7 Wall. 506, 514 (U.S. 1868)).  Because the court rules and statutes relevant to the ICA's jurisdiction did not change substantively in any way pertinent to this case during the pendency of Greenspon's appeal, we assume without deciding that the ICA correctly concluded that the laws in effect at the time of the November 30, 2017 SDO provide the appropriate rules of decision regarding the ICA's jurisdiction to hear the appeal.

(2016), which requires an appeal from an "entry of judgment or appealable order". The ICA accordingly held that it did not have jurisdiction to consider an appeal of the Order Denying Request for Costs.

Greenspon filed, and this court accepted, an application for writ of certiorari from the ICA's decision.

### III.     STANDARDS OF REVIEW

DCRCP Rule 11 is substantially similar to Hawai'i Rules of Civil Procedure (HRCP) Rule 11 (2000), and like HRCP Rule 11, "[a]ll aspects of a [DRCRP] Rule 11 determination should be reviewed under the abuse of discretion standard." Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999) (quoting Lepere v. United Pub. Workers, 77 Hawai'i 471, 473, 887 P.2d 1029, 1031 (1995)).

A ruling on a request for taxation of costs pursuant to HRCP Rule 54(d) is reviewed for abuse of discretion. Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998).

"When interpreting rules promulgated by the court, principles of statutory construction apply. Interpretation of a statute is a question of law which [the appellate court reviews] de novo." Gap v. Puna Geothermal Venture, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) (italics, internal quotation marks and citation omitted).

14

Additionally, "the existence of jurisdiction is a question of law that [is] review[ed] de novo under the right/wrong standard." Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res., 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. Motion for Sanctions

On certiorari, Greenspon asserts that the district court abused its discretion by not imposing DCRCP Rule 11 sanctions on Deutsche Bank and its counsel for filing the ejectment action.[16] Sanctions were necessary under DCRCP Rule 11, Greenspon argues, based on the evidence he presented that Deutsche Bank lacked valid title to the Property and thus had no basis to bring the ejectment action. Deutsche Bank responds that the district court properly denied the Motion for Sanctions because Greenspon's claims regarding the validity of Deutsche Bank's title to the Property were the subject of ongoing litigation. Further, Deutsche Bank asserts that the ICA appropriately found that Greenspon could continue to litigate his claims in circuit court and that Greenspon was not

---

[16] Greenspon also contends in his second question presented that the ICA erred by "giving the appearance of bias" and "prejudicially implying that [Greenspon] has no claim for wrongful foreclosure on remand."

15

prejudiced by the denial of the Motion for Sanctions without
prejudice.

As stated, HRCP Rule 11[17] is substantially similar to
DCRCP Rule 11, and the body of case law interpreting HRCP Rule
11 may therefore guide our interpretation of its DCRCP
counterpart.  Like HRCP Rule 11, DCRCP Rule 11 requires the
signatory to make reasonable inquiry into the facts of the case
to ensure that "the filed document [is] supported by existing or
discoverable evidence."  Fujimoto v. Au, 95 Hawai'i 116, 151-53,
19 P.3d 699, 735-36 (2001).  DCRCP Rule 11 also requires the
signatory to certify that the filing was not undertaken for an

_____

[17] HRCP Rule 11 (2000), provides in relevant part as follows:

> **(b) Representations to Court.**  By presenting to the court .
> . . a pleading, written motion, or other paper, an attorney
> or unrepresented party is certifying that to the best of
> the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper
>> purpose, such as to harass or to cause unnecessary
>> delay or needless increase in the cost of litigation;
>>
>> . . .
>>
>> (3) the allegations and other factual contentions
>> have evidentiary support or, if specifically so
>> identified, are likely to have evidentiary support
>> after a reasonable opportunity for further
>> investigation or discovery;
>>
>> . . .
>
> **(c) Sanctions.**  If, after notice and a reasonable
> opportunity to respond, the court determines that
> subdivision (b) has been violated, the court may . . .
> impose an appropriate sanction upon the attorneys, law
> firms, or parties that have violated subdivision (b) or are
> responsible for the violation.

"improper purpose".[18] The determination of whether these requirements have been met is fact intensive, requiring specific findings regarding the nature of the potentially sanctionable conduct and surrounding circumstances. See In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 15, 868 P.2d 419, 433 (1994); Enos v. Pacific Transfer & Warehouse, Inc., 79 Hawaiʻi 452, 459, 903 P.2d 1273, 1280 (1995). Additionally, a trial court's position "on the front lines of litigation" affords it insight into the practices of the local bar and the degree to which sanctions would promote DCRCP Rule 11's goals of general and specific deterrence. Hawaiian Flour Mills, Inc., 76 Hawaiʻi at 15, 868 P.2d at 433 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404 (1990)); see also Gap v. Puna Geothermal Venture, 106 Hawaiʻi 325, 341, 104 P.3d 912, 928 (2004) (holding that the primary purpose of Rule 11 sanctions is to deter misconduct, not to shift the burden of fees). A trial court's decision as to

---

[18] HRCP Rule 11 contains an additional requirement that the signatory to a filing certify that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." A variation of this requirement was contained in HRCP Rule 11 when DCRCP Rule 11 was adopted in 1996. See Lepere v. United Pub. Workers, Local 646, AFL-CIO, 77 Hawaiʻi 471, 473, 887 P.2d 1029, 1031 (1995). Although the commentary to DCRCP Rule 11 indicates the rule was intended to be a "verbatim" adoption of HRCP Rule 11 (save for small changes to make the language gender neutral) the text of DCRCP Rule 11 does not contain a requirement that a filing be supported by existing law or a good-faith argument for a change of law. Given this ambiguity, the District Court Civil Rules and Forms Committee may wish to consider amending DCRCP Rule 11 or its commentary to clarify whether the omission was intentional.

whether to impose sanctions is thus "due a substantial degree of deference," Hawaiian Flour Mills, Inc., 76 Hawai'i at 15, 868 P.2d at 433, and it will generally be upheld unless it "exceeds the bounds of reason, all of the circumstances before it being considered." Gap, 106 Hawai'i at 339, 104 P.3d at 926 (quoting Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 459 n. 7, 903 P.2d 1273, 1280 n. 7 (1995)).

Here, the filed document under consideration is Deutsche Bank's ejectment action. A prima facie ejectment case requires, inter alia, a showing of valid title and right of possession to the subject property. See Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai'i 227, 241, 361 P.3d 454, 468 (2015). In considering whether the ejectment action violated DCRCP Rule 11, the district court would have been required to determine if Deutsche Bank and its counsel made reasonable inquiries into whether the action was "well grounded in fact." See Canalez v. Bob's Appliance Serv. Ctr., Inc., 89 Hawai'i 292, 302, 972 P.2d 295, 305 (1999). In evaluating the reasonableness of Deutsche Bank's and counsel's inquiries, the district court would likely need to consider many of the same factual issues surrounding Deutsche Bank's obtainment of the Deed that were also at play in the pending circuit court action.

Further, the district court would have needed to consider whether the ejectment action was filed for an improper purpose, including as part of the larger fraudulent scheme that Greenspon alleges.  See Bank of Hawaiʻi v. Kunimoto, 91 Hawaiʻi 372, 390, 984 P.2d 1198, 1216 (1999) (defining bad faith as "actual or constructive fraud or a neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive" (citations omitted)).  This would necessitate an evaluation of the validity of Deutsche Bank's title to and right to possession of the Property--the same issues to be determined in the pending circuit court action.

Therefore, the district court did not exceed the bounds of reason in determining that resolving the Motion for Sanctions prior to resolution of the circuit court action would be premature.  Further, because the Motion for Sanction was dismissed without prejudice, Greenspon was free to refile the motion for sanctions if appropriate after termination of the circuit court action.  Therefore, the district court did not abuse its discretion in denying the Motion for Sanctions without prejudice.[19]

---

[19]    Greenspon's second question also contends that the ICA erred because it "neglected to analyze the basis for the Rule 11 sanctions on the record evidence."  However, the ICA correctly determined that the district

(continued . . .)

### B.    Greenspon's Request for Costs

Greenspon also maintains that the ICA erred in holding that it lacked appellate jurisdiction over the Order Denying Request for Costs because even though it was unsigned, the ICA should have taken notice of the Denial of Proposed Judgment with its accompanying Denial Form, which was signed by a judge and included in the record on appeal.  Together, Greenspon contends, these documents provided the ICA with jurisdiction over the Order Denying Request for Costs.  Finally, Greenspon asserts that, as the prevailing party, he is entitled to an award of costs, and the district court improperly denied his Request for Costs without explanation.

Deutsche Bank responds that the ICA correctly found that it lacked jurisdiction under HRS § 604-20 and HRAP Rule 4(a) to hear the appeal because the Order Denying Request for Costs and Denial of Proposed Judgment lacked the signature of a

---

(. . . continued)

court exercised its informed discretion in deferring a substantive determination as to sanctions until interrelated factual issues were fully resolved in the circuit court action.

Additionally, Greenspon asks this court to consider whether the ICA gave the appearance of bias and prejudicially implied that Greenspon had no claim for wrongful foreclosure on remand, assuming that the Motion for Sanctions is remanded for hearing.  The SDO does not, however, reflect any indication of bias or appearance of prejudice regarding Greenspon's claim for wrongful foreclosure.  Additionally, the ICA does not provide any comment on whether wrongful foreclosure occurred and merely notes that a portion of the circuit court action has been remanded to the circuit court.

clerk or judge. Deutsche Bank also argues that the award of costs to a prevailing party is discretionary, and thus, the ICA "could not err" in affirming the Order Denying Request for Costs.

### 1. A District Court Clerk or Judge's Signature is Necessary for an Appealable Order

In determining whether the signature of a district court clerk or judge is generally necessary for an appellate court to have jurisdiction over an appeal of a filed district court order,[20] we consider the statutes and rules of procedure governing appeals. HRS § 641-1(a) provides that "appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602."[21] HRS § 641-1 (2016). Under HRAP Rule 4(a)(1), a notice of appeal in a civil case must be filed "after entry of the judgment or appealable order." HRAP 4(a)(1). Entry of an appealable order is defined by HRAP Rule 4(a)(5) as "when a judgment or order is filed in the office of the clerk of the court." HRAP Rule 4(a)(5). Thus, the statute and rule authorizing appeals to the

---

[20] In some instances, our court rules authorize a court to issue an oral ruling that is considered entered upon the filing of a corresponding notice of entry. See, e.g., HRPP Rule 44A (2011). This opinion's use of the term "order" encompasses a written notice of entry in these circumstances.

[21] HRS Chapter 602 defines the composition and jurisdiction of Hawaii's courts of appeals, including the ICA and the Hawaiʻi Supreme Court.

21

ICA do not expressly provide that a signature is required for entry of an appealable order or final judgment.

Significantly, district court clerks are empowered by statute to "sign and issue garnishee summons, writs of attachment, execution and possession, and other process" subject to the direction of the court. HRS § 604-20. Further, Rule 10 of the Hawaiʻi Rules of District Court (HRDC), "Orders and Judgments Grantable by the Clerk," provides that "the clerk may grant, sign, and enter the following orders without further direction by the court. . ." HRDC Rule 10 (1996).[22] The inclusion of the word "sign" indicates that it is a distinct action separate from "granting" and "entering." See Franks v. City & County of Honolulu, 74 Haw. 328, 338, 843 P.2d 668, 673 (1993) ("[N]o clause, sentence, or word shall be construed as

_____

[22] HRDC Rule 10, Orders and Judgments Grantable by the Clerk, provides:

> The clerk may grant, sign, and enter the following orders without further direction by the court, but any orders so entered may be set aside or modified by the court:
>
> . . .
>
> (d) Judgments. Default judgments as provided in Rule 55(b)(1) and judgments pursuant to Rule 68 of the District Court Rules of Civil Procedure. Attorneys' fees may be awarded as provided by law.
>
> (e) Other orders. Any other order referred to in the District Court Rules of Civil Procedure which is grantable of course by the clerk.

HRDC Rule 10.

superfluous . . . if a construction can be legitimately found which will give force to and preserve all words of the statute."). In setting forth how a clerk may grant an order or judgment in lieu of a judge, HRDC Rule 10 indicates that a judge would similarly follow a three-step process, including granting an order, signing the order, and directing it to be entered. See HRDC Rule 10. Signing the order is treated as a distinct step, and by describing all three steps, HRDC Rule 10 implies that each is a necessary part of the sequence that concludes with entry of the order.

HRDC Rule 2(e)[23] also indicates that the signature of a clerk or judge is necessary for an entered order or judgment to have effect. See HRDC Rule 2(e) (2012). HRDC Rule 2(e) provides that a facsimile signature of the clerk or judge on an electronically filed order or judgment "has that same force and effect as if the judge or clerk had affixed the judge's or

---

[23]  HRDC Rule 2, Filing Procedure, subsection(e), Signature, provides:

> Any order or judgment that is filed electronically bearing a facsimile signature in lieu of an original signature of a judge or clerk has the same force and effect as if the judge or clerk had affixed the judge's or clerk's signature to a paper copy of the order or judgment and it had been entered on the docket in a conventional manner. For purposes of this rule and any rules of court, the facsimile signature may be either an image of a handwritten signature or the software printed name of the judge preceded by /s/.

HRDC Rule 2(e)(2012).

clerk's signature to a paper copy of the order or judgment and it had been entered on the docket in a conventional manner." HRDC Rule 2(e). The provision to ensure that a facsimile signature "has the same force and effect" indicates that a valid clerk or judge's signature on an order or judgment gives an order or judgment "force" or "effect." HRDC Rule 2(e). Additionally, the reference to entry of an order or judgment "in a conventional manner" indicates that a clerk or judge's signature on an order or judgment is the "conventional" procedure. See id.

Additionally, we have held that a written order becomes appealable when it is signed by a judge. See State v. Bohannon, 102 Hawai'i 228, 232 n.7, 236, 74 P.3d 980, 984 n.7, 988 (2003). In Bohannon, this court considered whether the timeliness of a prosecutor's appeals were based upon (1) the dates the written orders were filed; (2) when the orders were signed by the judge; or (3) the dates the orders were noted in the district court calendar. Id. at 232, 234-35, 74 P.3d at 984, 986-87. In our analysis, we compared HRAP Rule 4(b)(3) (1999)[24] with Hawai'i Rules of Penal Procedure (HRPP) Rule

_____

[24] HRAP Rule 4(b)(3), "Entry of Judgment or Order" under the subsection "Appeals in Criminal Cases," provided: "[a] judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3).

44(b)(1) (2000),[25] which also dealt with the entry of orders in penal proceedings.  Id. at 235-36, 74 P.3d at 987-88.  We held that although under HRPP Rule 44(b)(1) "the notation of the decision or the ruling on the calendar shall constitute the order and entry thereof" and thus creates a "final" order, that order would not become "appealable" until it satisfied HRAP Rule 4(b)(3)'s requirement that an entry of judgment or order be filed with the clerk of the court.  Id. at 236, 74 P.3d at 988.

This court further stated in a footnote that "[i]t is common-sensical that an unsigned order is ineffective.  That being the case, the written order . . . did not become effective until . . . Judge Devens signed it."  Id. at 232 n.7, 74 P.3d at 984 n.7.  Therefore, pursuant to HRAP 4(b)(3), this court held that the orders in Bohannon became appealable on the date that the written orders were signed by the judge, and thus the appeal in that case was timely filed.[26]  See id. at 232, 232 n.7, 74

---

[25]     HRPP Rule 44, Settlement of findings of fact, conclusions of law, and order; entry of order, subsection (b)(1) provided:

> (b) In the district court.
>
> > (1) After the decision or ruling of the court following a hearing on a motion, the clerk shall note the decision or ruling on the calendar.  The notation of the decision or ruling on the calendar shall constitute the order and the entry thereof . . . .

HRPP Rule 44(b)(1).

[26]     We note that our holding in Bohannon addressed only the circumstances of that case and should not be read to approve modifying a filed order by the subsequent addition of a judge or clerk's signature.  As

(continued . . .)

P.3d at 984, 984 n.7.  Taken together, HRS §§ 641-1(a) and 604-20, the aforementioned court rules, and our holding in Bohannon provide that a signature of a clerk or judge as to the text of an order is necessary to fulfill the requirements of an "entry of judgment or appealable order" under HRAP Rule 4(a).[27]

## 2. The ICA Had Jurisdiction of the Appeal Under the Circumstances of This Case

"The policy of this court has always been to permit litigants, where possible, to appeal and hear the case on its merits."  State by Office of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 99, 405 P.3d 527, 535 (2017) (quoting Jones v. Dieker, 39 Haw. 208, 209 (Haw. Terr. 1952)).  Dismissals due to defects caused by the practices or procedure of trial courts require "litigants to bear unnecessary expense and delay in having their appeals addressed on the merits."  Id.

In this case, the ICA held that it lacked jurisdiction to review the Order Denying Request for Costs because the order lacked a district court clerk or judge's signature.  It appears, however, that the ICA did not consider other documents in the

---

(. . . continued)

discussed supra, adding a qualifying signature is a necessary step that is to be completed prior to the entry of an order or judgment.

[27]     The signature of the clerk or judge must pertain to the text of the order; the requirement is distinct from our court rules requiring a date and time stamp by a clerk at filing, which may also include a signature by the clerk responsible for filing the subject document.  See HRDC Rule 2(b) (2012).

record that support a finding that the district court effectively denied the Request for Costs.  The Denial of Proposed Judgment, similar to the Order Denying Request for Costs, was stamped "DENIED" and "FILED."  Although the Denial of Proposed Judgment did not include a signature on the signature line of the judgment, it was accompanied in the record by a signed Denial Form.  The Denial Form specifically stated: "No judgment granted on Defendant's Sept. 9, 2014 Request for Taxation of Costs" and was signed by a judge.  Black's Law Dictionary defines "to grant" as "to approve, warrant, or order."  Black's Law Dictionary (10th ed. 2014).  Thus, "no judgment granted" may be read as "no judgment approved," meaning the district court did not approve--and therefore denied--the Request for Costs.  As such, the signed Denial Form indicates that the judge denied the Request for Costs.

As discussed above, HRS § 641-1(a) permits appeals to be heard from final orders.  A final order is an order that "ends litigation by fully deciding the rights and liability of all parties and leaves nothing further to be adjudicated." Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 427, 984 P.2d 1251, 1253 (1999).  Greenspon's Request for Costs was a separate matter from the ejectment action, which had already been dismissed.  See CRSC, Inc. v. Sage Diamond Co., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (holding that entry of judgment

27

on merits of case and taxation of costs are separate legal acts).  The denial of the Request for Costs left nothing to be decided regarding the taxation of costs.  Accordingly, construing the Order Denying Request for Costs with the Denial of Proposed Judgment and its accompanying Denial Form, we find that there is appellate jurisdiction over the appeal from the Order Denying Request for Costs.

### 3. The District Court Abused its Discretion in Denying the Request for Costs Without Explanation

Because we find appellate jurisdiction to review the Order Denying Request for Costs, we turn to the merits of Greenspon's argument that the district court abused its discretion by denying the Request for Costs.  "A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party."  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 241, 948 P.2d 1055, 1082 (1997) (alteration omitted) (quoting Aloha Unlimited, Inc. v. Coughlin, 79 Hawai'i 527, 532–33, 904 P.2d 541, 546–47 (App.1995)).

DCRCP Rule 54(d) provides that "costs shall be allowed as course to the prevailing party unless the court otherwise directs."  DCRCP Rule 54(d) (1996).  Although the award of costs is discretionary, the parallel provision in the HRCP has been

interpreted to create a strong presumption that costs will be awarded and to also require a court denying costs to explain why an award of costs would be inequitable "unless the circumstances justifying the denial of costs are plain from the record."  Wong v. Takeuchi, 88 Hawaiʻi 46, 52, 961 P.2d 611, 617 (1998) (brackets omitted) (discussing HRCP Rule 54(d)).

On the Denial Form accompanying the Denial of Proposed Judgment, the district court's explanation stated, "This document is denied for the following reasons . . . No judgment granted on Defendant's Sept. 9, 2014 Request for Taxation of Costs."  This statement does not provide an explanation of why it would be inequitable to grant the taxation of costs as would generally be required to justify the denial of Greenspon's request.  See Wong, 88 Hawaiʻi at 52, 961 P.2d at 617.

Further, "the circumstances justifying the denial of costs are" not "plain from the record."  Id.  To the contrary, the evidence in the record appears to support a finding that Greenspon was entitled to costs: Greenspon was the prevailing party on the Motion to Dismiss; the district court stated that it would consider Greenspon's motion for taxation of costs in 2011 at a hearing on Greenspon's Motion to Dismiss; and Greenspon filed his Request for of Costs as the prevailing party

in September 2014.[28]  By not setting forth reasons for its denial, the district court disregarded principles of law requiring a reasoned explanation for a denial of costs when justifying circumstances are not clear from the record.  See Wong, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998).  The denial of the taxation of costs caused a substantial detriment to Greenspon, requiring him to bear his full costs of litigation in the district court.  Therefore, the district court abused its discretion by denying Greenspon's Request for Costs without stating any reasons why it would be inequitable to grant the request.  See State v. Davia, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998).

## V.    CONCLUSION

Based on the foregoing, this court affirms the ICA's judgment on appeal except to the extent that the ICA concluded that it lacked appellate jurisdiction to review the Order Denying Request for Costs filed on September 22, 2014. Accordingly, we vacate the portion of the ICA judgment on appeal holding that it lacked appellate jurisdiction to review the Order Denying Request for Costs, vacate the district court's Order Denying Request for Costs, and remand the case to the

---

[28]    Greenspon provided detailed invoices from his former counsel and copies of the checks to his former counsel with his reply to Deutsche Bank's opposition to his request.

district court for further proceedings consistent with this

opinion.

Michael C. Greenspon                  /s/ Mark E. Recktenwald
pro se
                                      /s/ Paula A. Nakayama
J. Blaine Rogers
Jenny J.N.A. Nakamoto                 /s/ Sabrina S. McKenna
for respondent/plaintiff-
appellee                              /s/ Richard W. Pollack

                                      /s/ Michael D. Wilson

