**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000761
25-JUL-2022
08:23 AM
Dkt. 43 ODSLJ**

NO. CAAP-20-0000761

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRIAN BOBROFF, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHUʻE DIVISION
(CASE NO. 5DCW-20-0001083)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Defendant-Appellant Brian Bobroff

(**Bobroff**) appeals from the District Court of the Fifth Circuit,

Līhuʻe Division's[1] November 18, 2020 "Judgment Re: Bail/Bond

Forfeiture" (**November 18, 2020 Judgment**). This court, however,

lacks jurisdiction over this appeal.

The district court entered the November 18, 2020

Judgment in favor of the State and against Bobroff, forfeiting

Bobroff's bail for failure to appear. Six days later, on

November 24, 2020, Bobroff filed an "Affidavit of November 17th

2020," (**Affidavit**) which stated, "On November 17th 2020 I

attempted to schedule a flight the day before my arraignment

(11/18/2020), in the Fifth Circuit Court with Southwest

---

[1] The Honorable Michael K. Soong presided.

Airlines[,]" "an employee of Southwest who stated that I must agree to wear a medical device over my nose and mouth as a condition of flying[,]" and "I was prevented from attending my arraignment because I refused to undertake a medical intervention without informed consent and without the supervision of a physician or judicial review."

On December 15, 2020, Bobroff filed a notice of appeal from the November 18, 2020 Judgment.

On January 12, 2021, the district court entered the Judgment/Order and Notice of Entry of Judgment/Order (**January 12, 2021 Order**) without the signature of a judge or court clerk.  The January 12, 2021 Court Minutes state, "No motion to set aside bail forfeiture filed; the Court [] forfeited bail ($100.00 #500033506 posted by Self)[.]"  Because the January 12, 2021 Order was unsigned, it had no effect, including its execution on the November 18, 2020 Judgment and its determination that no motion to set aside was filed.[2]

Hawaii Revised Statutes (**HRS**) § 804-51 (2014) provides, in relevant part, as follows:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties

---

[2]  Deutsche Bank Nat'l Trust Co. v. Greenspon, 143 Hawaiʻi 237, 247 & n.27, 428 P.3d 749, 759 & n.27 (2018) (explaining that a file stamp signed by the clerk is inadequate to fulfill the requirements of entry of a judgment or appealable order); Rules of the District Courts of the State of Hawaiʻi Rule 2(e) provides as follows:

> Any order or judgement that is filed electronically bearing a facsimile signature in lieu of an original signature of a judge or clerk has the same force and effect as if the judge or clerk had affixed the judge's or clerk's signature to a paper copy of the order or judgment and it had been entered on the docket in a conventional manner.  For purposes of this rule and any rules of court, the facsimile signature may be either an image of a handwritten signature or the software printed name of the judge preceded by /s/.

> on the bond, jointly and severally, for the full amount of the penalty thereof, <u>and shall cause execution to issue thereon immediately after the expiration of thirty days</u> from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, <u>unless</u> before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, <u>a motion or application</u> of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.  If the motion or application, <u>after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture</u> and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance.  If the motion or application, <u>after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment</u>.

(Emphases added.)

As the Hawaiʻi Supreme Court has before explained, a condition precedent to appeal from a judgment of forfeiture is the filing of a motion to set aside within thirty days from the judgment showing good cause why execution should not issue upon the judgment.  <u>State v. Camara</u>, 81 Hawaiʻi 324, 329, 916 P.2d 1225, 1230 (1996).  A defendant may attempt to show good cause by "providing a satisfactory reason for his or her failure to appear when required[.]"  <u>Id.</u> at 330, 916 P.2d at 1231.  Thus, "the appealable event is the order denying the motion to set aside the judgment of forfeiture."  <u>Id.</u> at 329, 916 P.2d at 1230.

Here, the November 18, 2020 Judgment, which was a judgment of forfeiture, was not appealable because it did not grant or deny a motion to set aside the judgment of forfeiture.  Six days after the November 18, 2020 Judgment was entered, Bobroff filed his Affidavit, which we construe as a "motion or application of the principal . . . showing good cause" why the

3

judgment should not be executed under HRS § 804-51.  See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (stating that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally). With the January 12, 2021 Order having no effect and the Affidavit being undecided, the record does not indicate that the district court concluded the proceedings below.  See HRS § 804-51.

Therefore, we dismiss this appeal for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, July 25, 2022.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge