**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000714
18-MAR-2025
07:56 AM
Dkt. 81 SO**

NO. CAAP-21-0000714

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHN HERZOG, Appellant-Appellant, v.
HAWAIʻI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS,
Appellee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-19-0002024)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Self-represented Appellant-Appellant John E. **Herzog** appeals from the Circuit Court of the First Circuit's (1) September 20, 2021 "Order Denying Appellant's Motion to Strike Portion of Appellee's Brief and Record on Appeal, Filed July 9, 2021" (**September 20, 2021 Order Denying Motion to Strike**); (2) December 3, 2021 "Order Affirming Employment Security Appeals Referees' Office's Decision in the Matter of 1902343 Dated September 30, 2019" (**December 3, 2021 Order**);

(3) December 3, 2021 Final Judgment; and (4) December 3, 2021 Notice of Entry of Judgment.[1]  (Formatting altered.)

From June 25, 2018, to June 6, 2019, Herzog, a Hawaiʻi resident, worked for Virginia-based employer **Dewberry** & Davis, Inc. (and its subsidiary, Dewberry Engineers) assisting with disaster relief efforts in Puerto Rico.  Dewberry "mobilized" Herzog as part of its contract with the Federal Emergency Management Agency (**FEMA**) to provide disaster assistance.  Prior to working for Dewberry, Herzog did not work for any other employers in 2018.

On June 13, 2019, Herzog applied for unemployment benefits in Hawaiʻi; his claim was denied "because of insufficient quarters and wages in base period."  (Formatting altered.)  Herzog appealed the benefits denial to the Employment Security Appeals Referees' Office (**ESARO**) on August 16, 2019. Following a hearing, ESARO affirmed the denial.  Herzog then appealed to the circuit court, which affirmed ESARO's decision.

Herzog appeals to this court, raising five points of error.  Our review of "decision[s] made by the circuit court upon its review of an agency's decision is a secondary appeal." Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citations omitted).  We apply the standards set

---

[1]  The Honorable James H. Ashford presided.

forth in Hawaiʻi Revised Statutes (**HRS**) § 91-14(g) (2012 & Supp. 2016) to determine whether the circuit court's decision was right or wrong. Id. at 120-21, 424 P.3d at 475-76 (citations omitted).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** Herzog's first and fourth points of error are related. In his first point of error, Herzog contends the circuit court erred when it "erroneously found that [he] did not have wages and was not employed . . . by wrongly applying and concluding on waived law and facts upon the definition of '*employment*' in HRS 382-2(d) [(2015)] and by proxy concluding and relying upon HRS 383-29(a)(5)(C) [(2015)] and HAR 12-5-99." Herzog makes similar contentions in his fourth point of error.[2]

ESARO determined that Herzog had "insufficient wages to establish a valid Hawaii claim for unemployment benefits pursuant to [HRS] § 383-29(a)(5)(C) based on a benefit year beginning June 9, 2019." The circuit court ruled there was no

---

[2] Although not a point of error raised, Herzog argues that there are other ways Hawaiʻi residents should be paid benefits through interstate compact agreements. We deem this argument waived. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

error in ESARO's conclusion based on HRS § 383-29(a)(5)(C) and that Herzog was not employed under HRS § 383-2(d).

HRS § 383-29(a)(5)(C) provides for unemployment benefits where an individual was employed as defined in HRS § 383-2:

> (a)    An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that:
>
> . . . .
>
> (5)    In the case of an individual whose benefit year begins:
>
> . . . .
>
> (C) After January 4, 1992, the individual has been <u>employed, as defined in section 383-2,</u> and has been paid wages for insured work during the individual's base period in an amount equal to not less than twenty-six times the individual's weekly benefit amount, as determined under section 383-22(b), and the individual has been paid wages for insured work during at least two quarters of the individual's base period; provided that no otherwise eligible individual who established a prior benefit year under this chapter or the unemployment compensation law of any other state, shall be eligible to receive benefits in a succeeding benefit year until, during the period following the beginning of the prior benefit year, that individual worked in covered employment for which wages were paid in an amount equal to at least five times the weekly benefit amount established for that individual in the succeeding benefit year.

HRS § 383-29(a)(5)(C) (formatting altered; emphasis added).

Relatedly, HRS § 383-2(d) provides, in part, that employment includes service performed within the United States if "[t]he service is not covered under the unemployment compensation law

4

of any other state" *and* "[t]he place from which the service is directed or controlled is in this State."

Here, Herzog testified that "all the employers/employees in Puerto Rico received day-to-day and ongoing direction of management from FEMA in Puerto Rico. They were under the absolute control of FEMA at all times, subjected to all of FEMA's employment conditions." Because Herzog's service was directed or controlled in Puerto Rico, and not Hawaiʻi, he was not employed as defined by HRS § 383-2(d) to be eligible for benefits under HRS § 383-29(a)(5)(C).

Thus, the circuit court did not err in affirming ESARO's determination that Herzog was ineligible for unemployment benefits in Hawaiʻi.

**(2)** Herzog's second and third points of error are also related. Herzog appears to contend his due process rights were violated because the circuit court refused "to strike Dkt. 26, pg. 59" and used this document in rendering its decision. The document at "Dkt. 26, pg. 59" is the Unemployment Insurance Division's **Claim Summary.**

Due process "calls for such procedural protections as the particular situation demands" and requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Casumpang v. ILWU Loc. 142, 108 Hawaiʻi 411, 423-24,

5

121 P.3d 391, 403-04 (2005) (internal quotation marks, citation, and brackets omitted).

At the beginning of the ESARO hearing, the hearing officer asked Herzog if he reviewed the documents uploaded electronically for the hearing, and Herzog responded in the affirmative. The hearing officer then went through each exhibit, including the Claim Summary. After identifying the exhibits, the hearing officer asked, "Do you have any objection to the documents, Mr. Herzog?" Herzog replied, "No." With that, the hearing officer stated "the documents [were] being entered as part of the record."

Because the hearing officer confirmed Herzog had examined the uploaded documents prior to the hearing and afforded Herzog ample opportunity to inspect, explain, and rebut documents entered into evidence, Herzog was not denied due process.

**(3)** Herzog's final point of error challenges the circuit court's decision to not "sanction[] [Hawaiʻi Department of Labor and Industrial Relations (**DLIR**)]/ESARO for their abusive delays, [and] the [deputy attorney general] for her intentional misrepresentations to the Court[.]"

"A trial court's decision as to whether to impose sanctions is . . . 'due a substantial degree of deference,' and it will generally be upheld unless it 'exceeds the bounds of

reason, all of the circumstances before it being considered.'" Deutsche Bank Nat'l Tr. Co. v. Greenspon, 143 Hawai'i 237, 244-45, 428 P.3d 749, 756-57 (2018) (citations omitted).

The circuit court stated it did "not have a problem with [DLIR's] brief, at least in response to what Mr. Herzog [had] presented so far."  The court "[found] adequate citations to the record.  [It did] not see inaccurate or misleading citations."  Nor did the court "find at this point that [DLIR] is misleading the court."

We cannot say the court abused its discretion by declining to sanction DLIR/ESARO.

Based on the foregoing, we affirm the circuit court's (1) September 20, 2021 Order Denying Motion to Strike; (2) December 3, 2021 Order; and (3) December 3, 2021 Final Judgment.

DATED:  Honolulu, Hawai'i, March 18, 2025.

On the briefs:

John E. Herzog,
Appellant-Appellant, pro se.

Doris Dvonch,
Deputy Attorney General,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge